# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| **ESN, LLC,** | ) |
| **Plaintiff,** | ) ) |
| v. | ) Civil Action No. 5:07-cv-156-DF-CMC |
| **CISCO SYSTEMS, INC., and CISCO-LINKSYS, LLC,** | ) ) ) **JURY DEMANDED** |
| **Defendants.** | ) ) |

### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff ESN, LLC ("ESN"), for its First Amended Complaint for Patent Infringement ("Amended Complaint") against defendants Cisco Systems, Inc. and Cisco-Linksys, LLC, alleges as follows:

### PARTIES

1. Plaintiff ESN is a limited liability company, co-founded by the inventor of the patent-in-suit, Gregory D. Girard, organized and existing under the laws of the state of Connecticut, with an office at 35 Juniper Road, Bloomfield, Connecticut, 06002.

2. Upon information and belief, defendant Cisco Systems, Inc. ("Cisco") is a corporation organized and existing under the laws of the state of California, with its principal place of business at 170 West Tasman Drive, San Jose California, 95134.

3. Upon information and belief, defendant Cisco-Linksys, LLC ("Cisco-Linksys") is a limited liability corporation organized and existing under the laws of the state of California,

with its principal place of business at 121 Theory Dr., Irvine, California 92612, and is a wholly-owned subsidiary of Cisco.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over ESN's patent infringement and related claim pursuant to the patent laws of the United States, Title 35 U.S.C. §§ 1 et seq. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue for this action is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b), as Cisco, in its own name and through its wholly-owned subsidiary Cisco-Linksys, have regularly conducted business in this judicial district and have committed, and are continuing to commit, acts of infringement, including offering to sell and/or selling its infringing products, in this judicial district.

## FACTS

6. This action arises out of Cisco's and Cisco-Linksys' infringement of at least one claim of a patent owned by ESN.

7. On October 16, 2007, United States Patent No. 7,283,519 (the "'519 Patent"), entitled "Distributed Edge Switching System for Voice-Over-Packet Multiservice Network" was duly and legally issued to ESN as assignee of the inventor Gregory D. Girard. A copy of the '519 Patent is attached as Exhibit A.

8. ESN is the owner of the '519 Patent with the full and exclusive right to bring suit to enforce the patent and to collect damages for any infringement thereof.

9. The '519 Patent generally relates to switching systems for communicating voice and other data over a packet-switched broadband network.

10. Cisco and Cisco-Linksys have infringed and continue to infringe, have induced and continue to induce others to infringe, and have committed and continue to commit acts of contributory infringement of one or more claims of the '519 Patent in this judicial district and elsewhere by making, using, selling, offering for sale, and/or importing into the United States voice and unified communications devices, including, for example, the Cisco 1861, 2801, 2811, 2821, 2851, 3825 and 3845 Integrated Services Routers, the Cisco Unified Communications 500 Series, the Linksys SPA-9000 and LinksysOne SVR-3000 and related modules that are covered by one or more claims of the '519 Patent, all to the injury of ESN.

11. United States Patent Application Serial No. 10/122,589 was published by the United States Patent and Trademark Office on November 28, 2002 as United States Patent Application Publication No. US 2002/0176404 (the "Published '404 Application"), and has issued as the '519 Patent with at least one claim in substantially identical form to the claims as published. A copy of the Published '404 Application is attached as Exhibit B.

12. Cisco and Cisco-Linksys had actual notice of the Published '404 Application at least as early as August 11, 2006, the date upon which ESN notified Cisco and Cisco-Linksys in writing of the Published '404 Application. A copy of such written notice is attached as Exhibit C.

13. ESN provided specific notice in writing of certain infringing activities to Cisco and Cisco-Linksys at least as early as June 8, 2007 through their outside counsel. A copy of such written notice is attached as Exhibit D.

14. Cisco and Cisco-Linksys have violated ESN's "Provisional rights" under 35 U.S.C. § 154(d) by making, using, offering for sale, selling and/or importing the invention as claimed in one or more claims of the Published '404 Application, thereby entitling ESN to a

reasonable royalty for such violation from at least August 11, 2006 until the date of the '519 Patent's issuance on October 16, 2007.

## CLAIM ONE

### Infringement of the '519 Patent

15. ESN repeats and re-alleges the allegations of paragraphs 1 through 14 above as if fully set forth herein.

16. Upon information and belief, Cisco and Cisco-Linksys have infringed and continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '519 Patent, directly and/or indirectly, in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f).

17. By reason of the acts alleged herein, ESN has suffered, is suffering, and unless restrained by the Court, will continue to suffer injury to its business and property rights, for which it is entitled to damages pursuant to 35 U.S.C. § 284 in an amount to be proven at trial.

18. A reasonable opportunity for further investigation and discovery will likely show that Cisco and Cisco-Linksys's infringement is willful.

19. By reason of the acts alleged herein, ESN has suffered, is suffering, and unless restrained by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which ESN is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## CLAIM TWO

### Violation of ESN's Provisional Rights Under 35 U.S.C. 154(d)

20. ESN repeats and re-alleges the allegations of paragraphs 1 through 14 above as if fully set forth herein.

21. Upon information and belief, Cisco and Cisco-Linksys have violated ESN's "Provisional rights" under 35 U.S.C. § 154(d) by making, using, offering for sale, selling and/or

importing ESN's invention as claimed in at least one claim of the Published '404 Application after receiving actual notice of the published application.

22. By reason of the acts herein, ESN has suffered, and is entitled to a reasonable royalty for Cisco's and/or Cisco-Linksys' violation of its provisional rights at least from the date of Cisco's and/or Cisco/Linksys' earliest actual notice of the Published '404 Application, until the date of the '519 Patent's issuance on October 16, 2007.

## **PRAYER FOR RELIEF**

WHEREFORE, ESN requests the Court to enter a judgment in its favor and against Cisco and Cisco-Linksys as follows:

    a. Declare that Cisco and/or Cisco-Linksys have infringed one or more claims of United States Patent 7,283,519**;**

    b. Declare that Cisco and/or Cisco-Linksys have willfully infringed one or more claims of United States Patent 7,283,519**;**

    c. Declare that Cisco and/or Cisco-Linksys have violated ESN's "provisional rights" under 35 U.S.C. § 154(d);

    d. Declare that this case is exceptional pursuant to 35 U.S.C. § 285.

    e. Enter a permanent injunction prohibiting Cisco and Cisco-Linksys, their subsidiaries, divisions, agents, servants, employees, and those in privity with Cisco and/or Cisco-Linksys from infringing, contributing to the infringement of, and inducing infringement of the ESN patent, and for further proper injunctive relief;

    f. Award to ESN damages for Cisco's and Cisco-Linksys' infringement with interest, as well as costs (including expert fees), disbursements, and

reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285;

g. Award to ESN damages for Cisco's and Cisco-Linksys' violation of ESN's provisional rights pursuant to 35 U.S.C. § 154(d) with interest, as well as costs, disbursements, and reasonable attorneys' fees incurred in this action; and

h. Grant any such further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), ESN demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Eric M. Albritton

Eric M. Albritton
Lead Attorney
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone (903) 757-8449
Facsimile (903) 758-7397
ema@emafirm.com

T. John Ward Jr.
Texas State Bar No. 00794818
Ward & Smith Law Firm
111 W. Tyler St.
Longview, Texas 75601
Telephone (903) 757-6400
Facsimile (903) 757-2323
jw@jwfirm.com

George P. McAndrews  
Thomas J. Wimbiscus  
Peter J. McAndrews  
McAndrews, Held & Malloy, Ltd.  
500 W. Madison Street, 34th Floor  
Chicago, Illinois 60661  
Telephone (312) 775-8000  
Facsimile (312) 775-8100  
pmcandrews@mcandrews-ip.com  

Attorneys for Plaintiff ESN, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 17th day of October, 2007.

Eric M. Albritton