# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# TEXARKANA DIVISION

| | |
|---|---|
| ESN, LLC,	) | |
| 	) | |
| 	Plaintiff,	) | Civil Action No. 5:07-cv-156-DF-CMC |
| 	) | |
| 	v.	) | JURY DEMANDED |
| 	) | |
| CISCO SYSTEMS, INC., and	) | |
| CISCO-LINKSYS, LLC,	) | |
| 	) | |
| 	Defendants.	) | |

**PLAINTIFF'S MOTION TO ENJOIN DEFENDANTS
CISCO AND LINKSYS FROM PROSECUTING LATER-FILED
PARALLEL LITIGATION IN CONNECTICUT**

1

## I. INTRODUCTION

Plaintiff ESN, LLC ("ESN") moves to enjoin Defendants Cisco Systems, Inc. and Cisco-Linksys, LLC (collectively "Cisco") from proceeding with a complaint filed by Cisco in the United States District Court for the District of Connecticut, Civil Action No. 3:07cv1528 (the "Connecticut Complaint" attached as Exhibit A). Cisco's Connecticut Complaint, which seeks "a declaratory judgment that no valid and enforceable claim of United States Patent Number 7,283,519 (the "'519 Patent") is infringed by [Cisco]," is wholly duplicative of the complaint filed in this action over ten and a half hours earlier.

The Federal Circuit has held that, even when complaints are filed within hours of each other, the first-to-file rule still applies and the first-filed court may enjoin the second-filed action from proceeding. *See Laboratory Corp. v. Chiron Corp.*, 384 F.3d 1326, 1332-33 (Fed. Cir. 2004) (district court did not err in applying the first-to-file rule to enjoin other litigation where parties' filings were only four hours apart). In accordance with that Federal Circuit precedent, the Eastern District of Texas, being the Court in which ESN's first-filed complaint was filed, is the appropriate forum to decide this issue.

> In this circuit, the first-to-file rule provides that "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."

*Aventis Pharms. Inc. v. Teva Pharms. USA Inc.*, 2007 U.S. Dist. LEXIS 72239, at *4 (Sept. 27, 2007 E.D. Tex) (quoting *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)); *see also Texas Instr., Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 999 (E.D. Tex. 1993) ("the first-to-file rule gives the first-filed court the responsibility to determine which case should proceed.").

This motion should be granted, and Cisco should be enjoined from proceeding in Connecticut, because:

- Ten and a half hours before Cisco's Connecticut Complaint was filed, Plaintiff ESN filed a complaint against Cisco in this Court for infringement of the '519 Patent (the "Texas Complaint" attached as Exhibit B).

- Cisco filed the Connecticut Complaint only after it had learned about the Texas Complaint as is evidenced by the fact that the Connecticut Complaint references the earlier-filed Texas Complaint. (Ex. A at ¶ 10.)

- The legal claims raised in the Connecticut Complaint are wholly duplicative of the claims raised in the earlier-filed Texas Compliant.

- Under well-established precedent, as the first-to-file litigants, Plaintiff ESN enjoys a "presumptive right of the first litigant to choose the forum." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1082, 1081 (Fed. Cir. 1989).

- Plaintiff selected the Eastern District of Texas as the forum for this patent dispute because the Defendants have substantial contacts and are committing acts of infringement in this District, and this Court has (1) substantial experience with patent litigation, (2) patent local rules tailor-made to address complex patent disputes (*see E.D. Tex. LR*, Appendix M), and (3) a track record of diligently advancing disputes to resolution.

- There is no sound reason that would make it unjust to proceed with this first-filed action.

In sum, Defendants' Connecticut action, which is a blatant attempt to vexatiously increase the cost of litigating the parties' dispute, should be stopped before it serves its

intended purpose. Accordingly, the Court should enjoin Defendant Cisco from proceeding with the duplicative, parallel litigation in Connecticut. Cisco will have the same opportunity to raise its defenses in this Court.

## II. FACTUAL BACKGROUND

ESN filed the first case related to Cisco's infringement of ESN's '519 Patent. On October 16, at 12:01 a.m., Central Daylight Time, ESN electronically filed its Texas Complaint for patent infringement against Cisco in this Court. This Court's local rules note that, "although not yet required, counsel are strongly encouraged to file case opening documents electronically and pay initial filing fees online using the court's CM/ECF system." (E.D. Tex. LR CV-5.) That is precisely what ESN did.

Cisco filed its Connecticut Complaint for declaratory judgment in Connecticut at 11:32 a.m., Eastern Daylight Time, on October 16 **after** it had learned of the Texas Complaint and a full ten and a half hours **after** ESN had already filed in this Court. (*See* Ex. A at p.1 (receipt stamp on face of Connecticut Complaint).) In its Connecticut Complaint, Cisco has taken the position that ESN's Texas Complaint is defective based upon the incorrect assertions that "[o]n October 15, 2007, ESN filed suit in the Eastern District of Texas against CSI and Linksys. . . . However, no such patent had been issued by the United States Patent and Trademark Office at the time ESN filed its complaint." (Ex. A at ¶10.) Cisco's assertions are factually incorrect.

The '519 Patent was duly issued and made available electronically by the United States Patent and Trademark Office at 12:01 a.m., **Eastern Daylight Time**, on October 16th, one full hour before ESN properly filed its Texas Complaint at 12:01 a.m., **Central Daylight Time**. (The Notice of Electronic Filing is attached as Exhibit C.) Moreover, ESN filed its Texas Complaint on October **16th**, and not on October **15th** as suggested by

Cisco. Although a docketing error initially indicated that the Complaint had been filed on October 15, 2007, that error has since been corrected by the Court Clerk's office.

According to the Notice of Electronic Filing sent by the E.D. Texas Electronic Court Filing System, "[t]he following transaction was received from Albritton, Eric M. entered on 10/16/2007 at 0:01AM CDT and filed on 10/15/2007." (Ex. C.) The final phrase of this statement is undoubtedly the source of Cisco's misunderstanding and incorrect assertions. However, the 10/15/2007 date is plainly incorrect (likely a software glitch[1]) and, as explained below, the legally effective and factually correct filing date and time of the Texas Complaint is October **16th** at 12:01 AM CDT.

The E.D. Texas Local Rules state that "[a] document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing from the court." (E.D. Tex. LR CV-5(a).) The only portion of the Notice of Electronic Filing that has a date and time associated with it is the portion that states "entered on 10/16/2007 at 0:01 AM CDT." Also, as can be seen in the Notice of Electronic Filing, ESN's Texas Complaint, associated exhibits and Civil Cover Sheet were all "electronically stamped" with "**[DATE=10/16/2007]**." (Ex. C.)

Additionally, the October 16, 2007 filing date has been acknowledged as the correct filing date by the Court Clerk's office as indicated by the official ECF electronic docket sheet for this matter listing 10/16/2007 as the filing date of the Texas Complaint. (The ECF Docket Sheet is attached as Exhibit D.) Finally, the official ECF copy of the

---

[1] The 10/15/2007 date might also be explained by the fact that Plaintiff's counsel reserved a civil action number with the E.D. Texas clerk's office before the close of business on October 15, 2007 in order to facilitate the electronic filing of the Texas Complaint the following day, which is necessary pursuant to local practice that strongly encourages a party to electronically file case opening documents.

Texas Complaint bears a header date-stamp indicating a filing date of 10/16/2007. (Ex. B.) Thus, the legally effective filing date of the Texas Complaint is 10/16/2007 according to the Federal Rules of Civil Procedure, which state that **"[a] civil action is commenced by filing a complaint with the court**." Fed. R. Civ. P. 3 (emphasis added). Accordingly, ESN's Texas Complaint was first-filed and is proper since it was filed after the '519 Patent issued.

## III. THE COURT SHOULD ENJOIN CISCO FROM PURSUING ITS CONNECTICUT LAWSUIT UNDER THE "FIRST-TO-FILE" RULE

### A. An Injunction From This Court Prohibiting Cisco From Pursuing It's Connecticut Action is The Proper Remedy

The Federal Circuit has held that, even when complaints are filed within hours of each other, the first-to-file rule still applies and the first-filed court may enjoin the second-filed action from proceeding. *See Laboratory Corp.,* 384 F.3d at 1332-33 (district court did not err in applying the first-to-file rule to enjoin other litigation where parties' filings were only four hours apart). Consistent with Federal Circuit law, this Court has recently reiterated that, "[i]n this circuit, the first-to-file rule provides that 'the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed.'" *Aventis Pharms. Inc. v. Teva Pharms. USA Inc.*, 2007 U.S. Dist. LEXIS 72239, at *4 (Sept. 27, 2007 E.D. Tex) (quoting *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)). "The question presented is whether there is a likelihood that the second-filed action might substantially overlap with the first action." *Id.*, (citing *Mann Mfg. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)).

In this case, the subject matter of the second-filed action wholly overlaps with that of the first-filed action. Allowing Cisco to proceed with its retaliatory declaratory

6

judgment action would frustrate the purpose of the first-filed rule. It is clear from both Fifth Circuit, Federal Circuit, and Eastern District of Texas case law that this is the proper Court to determine which action should proceed. It is also clear from Federal Circuit case law that this Court has the power to enjoin Cisco from pursuing its Connecticut action. Therefore, an injunction prohibiting Cisco from pursuing its Connecticut action is the proper remedy.

> **B.     Under Well-Established Precedent, The First Litigant Enjoys A "Presumptive Right" To Choose The Forum**

In patent cases, the Federal Circuit applies the well-established "general rule" that "the forum of the first-filed case is favored" unless there is "sound reason that would make it unjust or inefficient to continue the first-filed action." *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937-38 (Fed. Cir. 1993); *see also Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1348 (Fed. Cir. 2005). Importantly, "[t]he general rule favors the forum of the first-filed action, whether or not it is a declaratory action." *Genentech*, 998 F.2d at 937. "Our precedent . . . favors the first-to-file rule in the absence of circumstances making it 'unjust or inefficient' to permit a first-filed action to proceed to judgment, and, as indicated, no such circumstances have been shown here." *Elecs. For Imaging*, 394 F.3d 1341, 1348. Simply put, the "<u>presumptive right</u> of the first litigant to choose the forum weigh[s] heavily in [that litigant's] favor" and that right should be disturbed "only to prevent wrong or injustice." *Kahn*, 889 F.2d at 1082, 1081 (emphasis added).

C.  **Cisco Is Not Entitled To Proceed With Its Later-Filed Connecticut Lawsuit**

1.  **Because The Eastern District of Texas Action Is The First-Filed Action, ESN Has A "Presumptive Right" To The Eastern District of Texas Forum**

Under well-established case law, the Eastern District of Texas is the favored forum because ESN's Texas Complaint, filed at 12:01 a.m. on October 16, 2007, commenced the first-filed action. The first-filed forum is the forum where the first complaint addressing certain claims is filed, even if the parties later raise additional or new claims in subsequently-filed lawsuits on related subject matter in another forum. *Kerotest Mfg v. C-O-Two Fire Equipment*, 342 U.S. 180, 181-182 (1952). Here, Cisco's Connecticut Complaint raises claims involving the same patent-in-suit asserted in ESN's Texas Complaint more than ten and a half hours earlier. The Federal Circuit has held that, even when complaints are filed within hours of each other, the first-to-file rule still applies to favor the first forum. *See Laboratory Corp.*, 384 F.3d at 1332 (district court did not err in applying the first-to-file rule to enjoin other court where parties' filings were only four hours apart).

In this case, ESN's Texas Complaint, filed on October 16, 2007, was the first action to raise the issues of infringement and validity of the '519 Patent. Moreover, ESN advised Cisco, in advance, that ESN believed Cisco was infringing claims of the application that later issued as the '519 Patent. (*See* Ex. B at ¶¶12-13.) The multiple notices sent to Cisco even went so far as to give specific examples of Cisco's infringement with detailed claim charts. (*See id.*) Because Cisco failed to provide any response to ESN's detailed infringement allegations, ESN acted with dispatch to protect its patent rights. ESN filed its Texas Complaint just after midnight Central Daylight Time on October 16, 2007. It was not until more than ten and a half hours later that

8

Cisco filed its retaliatory declaratory judgment complaint in the District of Connecticut. Accordingly, <u>the present action in this Court is the first-filed action and the Eastern District of Texas is presumptively the proper forum</u>.

> **2.  Cisco Cannot Establish That Proceeding In The Eastern District of Texas Would Result In "Wrong Or Injustice"**

As discussed above, ESN's "presumptive right" to choose the forum weighs heavily in ESN's favor and should be disturbed "only to prevent wrong or injustice." *Kahn*, 889 F.2d at 1082, 1081. Cisco cannot establish that ESN had no "sound reason" for filing its suit in the Eastern District of Texas or that ESN's choice "was motivated by inequitable conduct, bad faith, or forum shopping." *Genentech,* 998 F.2d at 938 (district court abused its discretion in dismissing first-filed action in favor of a second-filed action filed a day later in the patentee's home state because declaratory judgment plaintiff had "sound reason" for choosing its forum).

The Eastern District of Texas is the correct forum not simply because of ESN's "presumptive right" to choose it as the first-filer, but also because of the continuing acts of infringement in this forum, Cisco's many contacts with the state of Texas and this judicial district, and this judicial district's familiarity with and capacity to effectively and efficiently preside over patent litigation. The first-to-file rule and judicial economy also favor keeping the dispute surrounding the '519 Patent in the Eastern District of Texas.

Moreover, it would not be unjust to allow this case to proceed in the Eastern District of Texas against Cisco. Cisco itself has litigated numerous cases in this venue and has even affirmatively selected this venue as a patentee-plaintiff against entities residing outside of the Eastern District of Texas. (*See, e.g.,* Exhibits E-F.) Simply put, Cisco has no basis upon which to allege that it would be unjust to proceed in this venue.

Further, judicial economy favors the Eastern District of Texas, as the average time to trial here is 17.7 months vs. 29.8 months in the District of Connecticut. (Exhibit G.)

IV. **CONCLUSION**

The first-to-file rule, Cisco's infringement and other contacts in this district, as well as the interests of judicial economy favor the Eastern District of Texas forum as the most appropriate forum for this case. For these reasons, ESN respectfully requests that this Court enjoin Cisco from prosecuting its declaratory judgment complaint in Connecticut.

Respectfully submitted,

_____
Eric M. Albritton
Lead Attorney
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone (903) 757-8449
Facsimile (903) 758-7397
ema@emafirm.com

T. John Ward Jr.
Texas State Bar No. 00794818
Ward & Smith Law Firm
111 W. Tyler St.
Longview, Texas 75601
Telephone (903) 757-6400
Facsimile (903) 757-2323
jw@jwfirm.com

George P. McAndrews
Thomas J. Wimbiscus
Peter J. McAndrews
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, 34th Floor
Chicago, Illinois 60661
Telephone (312) 775-8000
Facsimile (312) 775-8100
pmcandrews@mcandrews-ip.com

Attorneys for Plaintiff ESN, LLC

**CERTIFICATE OF CONFERENCE**

No counsel for the defendants has appeared in this action. Therefore, counsel for Plaintiff was unable to confer with them prior to filing this motion and this motion has been filed as opposed.

_____
Eric M. Albritton

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e). The defendants are being served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 18th day of October, 2007.

_____
Eric M. Albritton